UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CARLOS JORDAN,

                        Plaintiff,

         -against-

EGNAHC 1, INC. d/b/a LAWN KING OF WHITE PLAINS, GR
LAWN CARE LLC d/b/a LAWN KING OF WHITE PLAINS, GILL
PECK, and JOHN KNUTSON,

                       Defendants.
-------------------------------------------------------------------------X

CIVIL ACTION NO.

COMPLAINT

Plaintiff Carlos Jordan ("Plaintiff"), by his attorneys, Katz Melinger PLLC, complaining of the defendants, EGNAHC 1, Inc. d/b/a Lawn King of White Plains ("EGNAHC"), GR Lawn Care LLC d/b/a Lawn King of White Plains ("GR Lawn Care"), Gill Peck ("Peck"), and John Knutson ("Knutson") (collectively, "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA") and New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL").

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and

1

Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff is an individual residing in the State of New York.

6. At all relevant times, Plaintiff was employed by Defendants.

7. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

8. Defendant EGNAHC is a domestic corporation with its principal place of business located at 333 Mamaroneck Avenue, Suite 201, White Plains, New York 10605.

9. Defendant GR Lawn Care is a domestic corporation with its principal place of business located at 333 Mamaroneck Avenue, Suite 201, White Plains, New York 10605.

10. Defendants EGNAHC and GR Lawn Care provide lawn maintenance and lawn design services to individuals and businesses in Westchester County.

11. Defendants EGNAHC and GR Lawn Care conduct business as "Lawn King of White Plains" and operate out of the same address: 333 Mamaroneck Avenue, Suite 201, Westchester, New York 10605.

12. Defendant Knutson is an individual residing, upon information and belief, in the State of New York.

13. At all relevant times, Knutson was and still is an owner, officer, and/or person in control of EGNAHC.

14. At all relevant times, Knutson was and still is an officer, director, shareholder, and/or person in control of EGNAHC, who exercises significant control over the company's operations; has the authority to hire, fire, and discipline employees; set employees' work schedules

and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

15. Defendant Peck is an individual residing, upon information and belief, in the State of New York.

16. At all relevant times, Peck was and still is an owner, officer, and/or person in control of GR Lawn Care.

17. At all relevant times, Peck was and still is an officer, director, shareholder, and/or person in control of GR Lawn Care, who exercises significant control over the company's operations; has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

18. Upon information and belief, in or around September 2017, Defendants entered into an agreement whereby GR Lawn Care and Peck purchased the business operating as "Lawn King of White Plains" from EGNAHC and Knutson.

19. Upon information and belief, since in or around October 2017, GR Lawn Care and Peck have owned and operated "Lawn King of White Plains."

20. Upon information and belief, the transaction transferring ownership of "Lawn King of White Plains" from EGNAHC and Knutson to GR Lawn Care and Peck is pending and not finalized.

21. Upon information and belief, all Defendants are currently partial co-owners of "Lawn King of White Plains."

22. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

23. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

24. At all relevant times, Defendants were responsible for compensating Plaintiff.

25. Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

26. At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

27. Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

28. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

29. Defendants operate in interstate commerce.

30. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

31. Defendants employed Plaintiff as a maintenance employee from in or around 2004 until in or around June 2019.

32. As a maintenance employee, Plaintiff's primary job duties included, *inter alia*, mowing lawns, applying chemicals to lawns, and various other lawn care and maintenance tasks as required.

33. Throughout his employment with Defendants, Plaintiff regularly worked Mondays through Saturdays from approximately 6:00 a.m. to approximately 6:00 p.m., for a total of approximately seventy-two (72) hours worked per week.

34. Throughout his employment, Plaintiff was not afforded any meal or rest breaks.

35. Throughout Plaintiff's employment, Defendants did not track or otherwise record Plaintiff's work hours.

36. From in or around January 2013 until in or around June 2019, Defendants compensated Plaintiff at a fixed rate of $1,080.00 per week, regardless of the number of hours Plaintiff worked each week.

37. Moreover, throughout Plaintiff's employment, Defendants deducted $100.00 per week from Plaintiff's weekly wages as alleged reimbursement for a portion of Defendants' contribution to payroll taxes related to Plaintiff's wages.

38. From the beginning of Plaintiff's employment until in or around May 2018, Defendants compensated Plaintiff entirely in cash.

39. While employed with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and the NYLL, and was entitled to receive overtime compensation for all hours worked in excess of forty (40) hours per week.

40. Although Plaintiff regularly worked more than forty (40) hours per week, Defendants failed to pay Plaintiff overtime wages for any hours worked over forty (40) per week.

41. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

42. Defendants further failed to furnish Plaintiff with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the accurate number of regular and overtime hours worked, gross wages, deductions, or any other information required by NYLL § 195(3).

43. Defendants violated federal and state law by willfully failing to pay Plaintiff the requisite overtime compensation to which Plaintiff was entitled; by making unlawful deductions from Plaintiff's wages; and by failing to provide Plaintiff with the required wage statements and payroll notices required by the NYLL.

## AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations Under the FLSA)*

44. Plaintiff repeats and realleges all prior allegations set forth above.

45. Pursuant to the applicable provisions of the FLSA, Plaintiff is entitled to overtime compensation of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

46. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

47. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rate of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

48. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

49. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

50. Judgment should be entered in favor of Plaintiff against Defendants on the First Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A SECOND CAUSE OF ACTION
*(Overtime Violations Under the NYLL)*

51. Plaintiff repeats and realleges all prior allegations set forth above.

52. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to overtime compensation of one and one-half (1.5) times his regular hourly rates of pay or the minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

53. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

54. Throughout the relevant period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half (1.5) times his regular hourly rates of pay or the minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

55. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

56. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

57. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION
*(Unlawful Deductions from Wages Under the NYLL)*

58. Plaintiff repeats and realleges all prior allegations set forth above.

59. Pursuant to the provisions of NYLL § 193(1), employers are prohibited from making any deductions from the wages of an employee, except in limited circumstances.

60. During the relevant period, Defendants deducted $100.00 per week from Plaintiff's weekly wages as alleged reimbursement for a portion of Defendants' contribution to payroll taxes related to Plaintiff's wages.

61. Defendants deductions of Plaintiff's wages violated NYLL § 193(1).

62. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of Plaintiff's unlawfully deducted wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(*Failure to Provide Payroll Notices Under the NYLL*)

63. Plaintiff repeats and realleges all prior allegations set forth above.

64. Defendants failed to furnish to Plaintiff, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

65. As Defendants failed to provide Plaintiff with a payroll notice as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

66. Judgement should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A FIFTH CAUSE OF ACTION
*(Failure to Provide Wage Statements Under the NYLL)*

67. Plaintiff repeats and realleges all prior allegations set forth above.

68. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: Plaintiff's regular and overtime rates of pay; the accurate number of regular and overtime hours worked, gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

69. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

70. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(Failure to Timely Pay Wages Under the NYLL)*

71. Plaintiff repeats and realleges all prior allegations set forth above.

72. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff is entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

73. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

74. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

75. Throughout the relevant period, Defendants failed to pay Plaintiff all overtime wages earned by Plaintiff, in violation of NYLL § 191(1)(a)(i).

76. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

77. As Defendants did not have a good faith basis to believe that their failure to pay wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

78. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action for all wages due, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all unlawfully deducted wages, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for all wages due to Plaintiff, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

g) interest;

h) costs and disbursements; and

i) such other and further relief as is just and proper.

Dated: New York, New York
March 26, 2020

*/s/ Katherine Morales*
Katherine Morales
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
(212) 460-0047
kymorales@katzmelinger.com
*Attorneys for Plaintiff*